<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GINO FAURELUS, | Civil Action No. 13-6964 (WJM) |
| Petitioner, | |
| v. | OPINION |
| OSCAR AVILES, et al., | |
| Respondents. | |

**APPEARANCES**:

> GINO FAURELUS, A044 587 984
> Hudson County Correctional Facility
> 35 Hackensack Avenue
> Kearny, NJ 07032
> Petitioner *Pro Se*
>
> KRISTIN L. VASSALLO, Assistant United States Attorney
> PAUL J. FISHMAN, United States Attorney
> 970 Broad Street
> Newark, NJ 07102

<u>**MARTINI, District Judge**</u>:

On November 12, 2013, Gino Faurelus, a native and citizen of Haiti, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his pre-removal period mandatory detention since August 10, 2011, pursuant to 8 U.S.C. § 1226(c), in the custody of Respondent and the Department of Homeland Security ("DHS"). *See Diop v. ICE,* 656 F.3d 221 (3d Cir. 2011). Respondent filed an Answer and thereafter informed this Court that on February 11, 2014, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal of the order of removal.

Since Petitioner's order of removal became administratively final when the BIA dismissed his appeal, he is no longer being detained pursuant to 8 U.S.C. § 1226(c).  However, because his detention will again be governed by § 1226(c) if he files a petition for review in the Second Circuit and that court grants a stay, this Court will not dismiss the Petition as moot, but will stay the matter and administratively terminate the case, subject to reopening in the event that Petitioner files a petition for review and obtains a stay of his removal.[1]

## I.   BACKGROUND

On April 25, 1994, Petitioner was granted lawful permanent residence status.  On August 10, 2010, he applied for admission as a returning lawful permanent resident; DHS paroled him into the United States, and served him with a notice to appear for removal based on a 2002 conviction for conspiracy to defraud the United States and health care fraud.  DHS took Petitioner into custody on August 10, 2011.  On September 19, 2013, an Immigration Judge ordered Petitioner's removal on the ground that his conviction of conspiracy to defraud the United States and health care fraud constituted crimes involving moral turpitude.  On September 30, 2013, Petitioner appealed to the BIA.

On November 12, 2013, Petitioner filed this § 2241 Petition challenging his pre-removal period detention since August 10, 2011, without the possibility of release, as not authorized by statute and in violation of the Due Process Clause of the Fifth Amendment.  By Order entered December 9, 2013, this Court construed the Petition as challenging detention without a hearing on

---

[1] Alternatively, if Petitioner does not seek review and obtain a stay, he is free to file a new habeas petition in the event that he has been detained for more than six months after February 11, 2014, and he can provide good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.  *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

three grounds: (a) Petitioner is not subject to mandatory detention under 8 U.S.C. § 1226(c) because DHS did not take Petitioner into custody when he was released from criminal incarceration; (b) Petitioner is not subject to mandatory detention because he has a substantial challenge to his removal; and (c) he is entitled to an individualized bond hearing to determine if he is a danger to the community or a flight risk because his detention since August 10, 2011, under 28 U.S.C. § 1226(c) has become unreasonably prolonged, *see Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011). This Court dismissed Petitioner's claim (a) because it is foreclosed by *Sylvain v. Attorney General of U.S.,* 714 F.3d 150 (3d Cir. 2013), and ordered DHS to file an answer on the remaining two claims, *i.e.*, substantial challenge to removal and *Diop.*

On January 8, 2014, Respondent filed an Answer, arguing that the Petition should be dismissed because the mandatory detention provision of § 1226(c) applies to Petitioner without regard to his legal challenge to removal and because his detention has not been unreasonably prolonged within *Diop.* On February 11, 2014, the Board of Immigration Appeals dismissed Petitioner's appeal.

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the Petition

under § 2241 because Petitioner was detained within its jurisdiction in the custody of DHS at the time he filed his Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his detention is not statutorily authorized and violates due process. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

B.   Mootness

Respondent argues that, because Petitioner's "detention is no longer governed by § 1225(b)(2(A), there is no longer a live 'case or controversy' regarding [his] pre-removal order detention and the petition should therefore be dismissed as moot." (Respondent's Feb. 18, 2014, Letter, ECF No. 8 at 2). To be sure, the exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. Const. art. III, § 2. "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (citation and internal quotation marks omitted).

In this case, Petitioner argues primarily that he is entitled to release under *Diop* because his pre-removal-period detention, pursuant to 8 U.S.C. § 1226(c), since August 10, 2011, has become unreasonably prolonged. However, the statutory authority to detain an alien depends upon at which stage the alien is in the removal process. *See Leslie v. Attorney General of the U.S.*, 678 F.3d 265, 270 (3d Cir. 2012). Section 1226 governs the pre-removal-period detention of an alien.

4

*See* 28 U.S.C. § 1226.  Generally, pursuant to Section 1226, the Attorney General has the authority to arrest and detain an alien pending a decision on whether the alien is to be removed from the United States.  *See* 28 U.S.C. § 1226(a).  Section 1226 also sets certain parameters for pre-removal-period detention, including when detention is mandatory (such as in the case of criminal aliens) and when a bond hearing must be held.  *See* 28 U.S.C. § 1226(a) and (c).  Once the removal period begins, detention is governed by 28 U.S.C. § 1231(a)(2), which requires the detention of the alien during a 90-day removal period.[2]  This 90-day removal period can be a shifting target, however, because it begins **on the latest** of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

With respect to § 1231(a)(1)(B)(i), an order of removal becomes "final upon the earlier of – (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); *see also* 8 C.F.R. § 1241.1(a); *Giraldo v. Holder*, 654 F.3d 609, 611 (6th Cir. 2011); *Hakim v. Holder*, 611 F.3d 73, 77 (1st Cir. 2010);

---

[2] Section 1231(a)(1)(A) provides, in relevant part:  "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  Section 1231(a)(2) provides:  "During the removal period, the Attorney General shall detain the alien."

*Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009); *United States v. Calderon-Minchola*, 351 F.App'x 610, 611 n.1 (3d Cir. 2009).

In this case, Petitioner's order of removal became final on February 11, 2014, when the BIA dismissed his appeal and upheld the removal order.  *See* 8 U.S.C. § 1101(a)(47)(B)(i).  On that date, his 90-day removal period began, *see* 8 U.S.C. § 1231(a)(1)(B)(i), and his detention became authorized – and required – by § 1231(a)(2).  *See Ufele v. Holder,* 473 F.App'x 144, 145 (3d Cir. 2012) ("[U]pon the issuance of a final order of removal, the authority for Ufele's detention switched from 8 U.S.C. § 1226 to 8 U.S.C. § 1231."); *De La Teja v. United States,* 321 F.3d 1357, 1363 (11th Cir. 2003) ("Because a final removal order has been entered, De La Teja is no longer being detained pursuant to § 1226(c), which governs *only* detention prior to a final removal order.  Instead, he is being detained now pursuant to a wholly different statute . . , 8 U.S.C. § 1231(a), which controls the detention and removal of an alien subject to a final order of removal.") (emphasis in original).

Since Petitioner's detention is no longer governed by § 1226(c), this Court must consider whether his legal challenge to such detention continues to present a case or controversy.  *See Ufele,* 473 F.App'x at 146 ("[I]nsofar as Ufele challenges the lawfulness of his detention pursuant to § 1226(c) and he is no longer in custody pursuant to this statute, his [habeas] appeal is moot and must be dismissed for lack of jurisdiction."); *De La Teja,* 321 F.3d at 1363 ("Because the Attorney General no longer is acting pursuant to § 1226(c), it is unnecessary and altogether inappropriate for us to take up the question addressed by the district court – whether De La Teja's detention pursuant to that provision violates the Due Process Clause . . . .   Any opinion on the matter would be purely advisory in nature, and therefore the issue has become moot.").  Although Petitioner's detention

is not *at this time* governed by § 1226(c), his challenge to the legality of that detention may avoid mootness, however, if his detention under that statute is capable of repetition while evading review. *See Diop,* 656 F.3d at 227-28. This capable-of-repetition exception applies where "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party [will] be subjected to the same action again." *Turner v. Rogers,* 564 U.S. __, __, 131 S.Ct. 2507, 2515 (2011) (citation and internal quotation marks omitted); *see also Diop,* 656 F.3d at 227.

In this case, Petitioner still has time to file a timely petition for review in the Second Circuit and, if he does so, the Circuit may stay his removal pending the outcome of the petition for review. If these contingencies were to occur, then Petitioner's detention would once again be governed by § 1226(c) because, according to the shifting target created by § 1231(a)(1)(B)(ii), the removal period would not begin until the later date of the Second's Circuit's final order. *See* 8 U.S.C. § 1231(a)(1)(B)(ii) ("The removal period begins on the latest of the following . . . (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.") Although it is not guaranteed that these contingencies constitute a "reasonable expectation that the same complaining party will be subject to the same action again," *Spencer*, 523 U.S. at 17,[3] this Court will retain jurisdiction, but stay this § 2241 proceeding and administratively terminate the case, subject to reopening in the event that Petitioner notifies the

---

[3] *Spencer* emphasizes that a court should address the issue of mootness in terms of the "likelihood" that a favorable decision would redress the alleged injury or wrong and prohibits reliance on speculative collateral consequences which are no more than "a possibility rather than a certainty or even a probability," *Spencer*, 523 U.S. at 14-16.

Court that he has filed a timely petition for review and the Second Circuit has stayed his removal.[4]

*See Dilone v. Aviles,* Civ. No. 13-3895 (WJM), 2013 WL 6145770 (D.N.J. Nov. 21, 2013).

### III. CONCLUSION

For the foregoing reasons, this Court will stay the Petition and administratively terminate the case.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED:  February 24 , 2014

---

[4] In addition, if Petitioner does not file a petition for review and obtain a stay of his removal, he may file a new § 2241 petition challenging his post-removal-period detention in the event that DHS fails to remove Petitioner after he has been detained under § 1231(a)(6) for more than six months (August 11, 2014) and Petitioner can assert facts showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.